IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.
ALEXANDER HOOD, on behalf of himself and all similarly situated persons,
      Plaintiff,
v.

AMERICAN AUTO CARE, LLC and BEACON FINANCIAL SOLUTIONS, LLC, both Florida limited liability companies, JESSIE BRITT, KYLIE BRITT, DAVID GLENWINKEL and RAMIN AMIREBRAHIMI, each individuals,

      Defendants

---

## CLASS ACTION COMPLAINT

---

Plaintiff, Alexander Hood, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against Defendants American Auto Care, LLC, Beacon Financial Solutions, LLC, Jessie Britt, Kylie Britt, David Glenwinkel and Ramin Amirebrahimi (collectively, "American Auto Care") and alleges, upon personal knowledge as to his own experiences, and upon information and belief, as to the experiences of others, as follows:

### INTRODUCTION

1.      Plaintiff brings this action against American Auto Care to secure redress for its willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* ("TCPA"). American Auto Care invaded Plaintiff's privacy by causing unsolicited calls to be made to the cellular telephones of Plaintiff and members of the Class (defined below) through the use of an autodialer and/or artificial or prerecorded voice message

2.      Defendants made their unauthorized calls without the recipient's consent using an automatic telephone dialing system ("ATDS") and/or prerecorded voice for the purpose of telemarketing and soliciting business from Plaintiff and members of the Class.

3.      The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited phone calling activities to consumers, and an award of statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

4.      Specifically, Plaintiff brings a claim pursuant to 47 U.S.C. § 227(b), for unsolicited calls made by Defendants, or at Defendants' direction, to the cellular telephones of Plaintiff and others using an autodialer.

## PARTIES

5.      Plaintiff Alexander Hood is a citizen of Colorado and resides in Summit County, Colorado.

6.      Defendant American Auto Care, LLC is a Florida limited liability company with its principal offices at 1111 SE Federal Hwy STE 128 , Stuart, FL 34994-3802.

7.      Beacon Financial Solutions, LLC is a Florida limited liability company with its principal offices at 1111 SE Federal Hwy STE 128 , Stuart, FL 34994-3802.

8.      Defendants Jessie Britt, Kylie Britt, David Glenwinkel and Ramin Amirebrahimi each are individuals and, on information and belief, residents of Florida. The individual Defendants were

actively involved in the operation of American Auto Care and, therefore, are jointly liable for the violations described herein.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as this action arises under the TCPA, a federal statute.

10.    This Court has personal jurisdiction over Defendants because they conduct significant business in this District and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because acts giving rise to this lawsuit substantially occurred in and were directed to the forum.

12.    Defendants are subject to specific personal jurisdiction in this District because they had continuous and systematic contacts with this District through their telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

**LEGAL BASIS FOR THE CLAIMS**

13.    The TCPA was passed into law in 1991. The TCPA regulates and restricts the use of automatic telephone equipment. Congress passed the TCPA in response to the explosive growth of the telemarketing industry. In doing so, Congress recognized that "unrestricted telemarketing...can be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2 (5) (1991) (codified at 47 U.S.C. § 227).

14.    The TCPA protects consumers from unwanted calls and text messages that are made with autodialers and with pre-recorded messages.

15. Specifically, 47 U.S.C. § 227(b) provides:

(1) **Prohibitions** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

16. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

17. The FCC has issued rulings and clarified that, in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. *See* 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls....").

18. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

19.     All ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the recipient.

## FACTUAL BACKGROUND AS TO PLAINTIFF

20.     American Auto Care markets and administer Vehicle Service Contracts (VSC). Under these contracts customers are provided vehicle repair coverage after their vehicle manufacturer's warranty expires.

21.     At all times relevant, Plaintiff was a citizen of the State of Colorado. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

22.     On information and belief, American Auto Care, in order to market its products/services to people, surreptitiously obtained the cellular telephone number of Plaintiff and others, then proceeded to make or cause others to make unsolicited telemarketing phone calls to those individuals, using automatic telephone dialing equipment.

23.     The purpose of the unsolicited telemarketing phone calls was and continues to be to convince consumers like Plaintiff to sign up for its auto protection repair coverage.

24.     On information and belief, American Auto Care and/or its agents lack a sufficiently adequate system for limiting autodialed calls to cellular phones for which it does not have prior express permission to call. Therefore, Defendants knowingly made unsolicited calls to cellular numbers for the purpose of marketing to potential customers.

25.     On August 17, 2018, Plaintiff received on his cellular phone a telemarketing robocall made by or on behalf of Defendants. In making that call, the caller used an artificial or prerecorded voice. Plaintiff's caller ID showed "802-578-8675".

26.    The prerecorded message stated Plaintiff's vehicle warranty was expired and asked if he was interested in extending. It then asked if he had less than 150 thousand miles on his car. Plaintiff hit the "1" on his keypad and was taken to a live person. She identified herself as Meghan. Plaintiff asked if she was from the dealership where he bought his car and she said no. She said she couldn't tell him with what company she was associated for "privacy" reasons until he identified his car. Plaintiff told her he had a Toyota Prius and a Toyota Rav4. She somehow identified that they were both 2012s and then said Plaintiff was qualified. Before she could ask more questions, Plaintiff again asked where she was from and she said "America Auto Care." Plaintiff then said he was not interested and hung up.

27.    On information and belief, Defendants called Plaintiff on his cellular phone using ATDS, as defined by 47 U.S.C. § 227(a)(1) in order to market its products and/or services and to procure Plaintiff's business.

28.    Plaintiff did not consent to being called by Defendants for telemarketing purposes and the calls received from Defendants were an intrusion and an invasion of his privacy and caused Plaintiff annoyance and unnecessary expenditure of his time and energy, as Plaintiff's focus was taken from his work and directed to these unsolicited calls.

29.    Plaintiff is the exclusive user of the cellular number and the account holder of record for that account.

30.    Defendants' violations of the TCPA were knowing and willful.

31.    Specifically, upon information and belief, Defendants utilize a combination of hardware and software systems to make the calls at issue in this case. The systems utilized by Defendant have the capacity to store, produce, and dial random or sequential numbers, and/or receive and

store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention.

## CLASS ALLEGATIONS

32.    Plaintiff brings this case pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of a Class defined as follows:

*All persons in the United States who received a telemarketing call from or on behalf of Defendants to the individual's cellular telephone through the use of a automatic telephone dialing system, or pre-recorded or artificial voice, or any other device having the capacity to dial numbers without human intervention, from November 2, 2014, to the date that class notice is disseminated, where Defendants' records fail to indicate prior express written consent from the recipient to make such call.*

33.    Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

34.     Common questions of law or fact exist as to all members of the putative Class and predominate over any question solely affecting any individual member, including Plaintiff. Such questions common to the Class include but are not limited to:

a. Whether American Auto Care used an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

b. Whether American Auto Care had prior express permission to contact Plaintiff and the other members of the putative Class when it used an automatic telephone dialing system to direct calls to Plaintiff's cellular telephone number and those belonging to the putative Class.

c. Damages, including whether American Auto Care's violations were performed willfully or knowingly such that Plaintiff and the members of the putative Class are entitled to treble damages.

35. Plaintiff's claims are typical of the claims of the other members of the putative Class. The factual and legal bases of American Auto Care's liability to Plaintiff and the other members of the putative Class are the same: American Auto Care violated the TCPA by causing the cellular telephone number of each member of the putative Class, including Plaintiff, to be called using an automatic telephone telephone dialing system without prior express permission.

36. The exact size of the Class is presently unknown but can be ascertained by review of American Auto Care's records. There are, on information and belief, thousands of members of the putative Class, such that joinder of all members is impracticable.

37. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff is interested in pursuing his claim vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claim alleged herein.

38. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

39. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

40. American Auto Care has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the putative

Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

41.    The identity of the Class is, on information and belief, readily identifiable from the records of American Auto Care and/or any affiliated marketers.

## COUNT I KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)

42.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

43.    Defendants violated the TCPA by making unsolicited phone calls to Plaintiff and the members of the Class on their cellular phones without first obtaining their prior express consent and using equipment which constitutes an automatic telephone dialing system for the express purpose of marketing Defendants' goods and/or services.

44.    Defendants' phone calls caused Plaintiff and the Class members actual harm including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data loss, messaging charges, and loss of use of their cellular telephones.

45.    As a result of the aforementioned violations of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

46.    Additionally, Plaintiff and the Class members are entitled to and seek injunctive relief prohibiting such future conduct

**JURY DEMAND**

47.    Plaintiff and Class Members hereby demand trial by jury.

WHEREFORE, Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant in the future; b. Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B); and d. Such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of November, 2018.

*s/Dustin T. Lujan*

_____

Dustin T. Lujan
Lujan Law Office
1603 Capitol Ave, Suite 310 A559
Cheyenne, Wyoming 82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*