# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALEXANDER HOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-02807-PAB-SKC |
| | ) |
| EGV COMPANIES, INC. d/b/a | ) |
| OMEGA AUTO CARE, et al | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant EGV COMPANIES, Inc., d/b/a OMEGA AUTO CARE, ("EGV") by and through its undersigned counsel, and for its Answer to Plaintiff Alexander Hood's ("Hood") Second Amended Class Action Complaint in the above-styled cause of action, hereby states as follows:

## INTRODUCTION

1. EGV denies the allegations of Paragraph 1.

2. EGV denies the allegations of Paragraph 2.

3. The allegations of Paragraph 3 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

4. The allegations of Paragraph 4 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

## PARTIES

5. EGV is without sufficient information to admit or deny the allegations of Paragraph 5 and therefore denies the same.

6. EGV is without sufficient information to admit or deny the allegations of Paragraph 6 and therefore denies the same.

7. EGV is without sufficient information to admit or deny the allegations of Paragraph 7 and therefore denies the same.

8. EGV is without sufficient information to admit or deny the allegations of Paragraph 8 and therefore denies the same.

9. EGV admits that it is a Delaware Corporation with its principal offices at 50 N. Laura Street, Suite 2500, Jacksonville, Florida 32203. EGV is without sufficient information to admit or deny the remaining allegations of Paragraph 9 and therefore denies the same.

10. EGV denies the allegations of Paragraph 10.

## JURISDICTION AND VENUE

11. EGV denies the allegations in Paragraph 11.

12. EGV denies the allegations in Paragraph 12.

13. EGV denies the allegations in Paragraph 13.

14. EGV denies the allegations in Paragraph 14.

15. EGV denies the allegations in Paragraph 15.

16. EGV denies the allegations in Paragraph 16.

17. EGV denies the allegations in Paragraph 17.

18. EGV denies the allegations in Paragraph 18.

19. EGV denies the allegations in Paragraph 19.

20. EGV denies the allegations in Paragraph 20.

21. EGV denies the allegations in Paragraph 21.

22. EGV denies the allegations of Paragraph 22.

23. EGV denies the allegations of Paragraph 23.

24. EGV denies the allegations of Paragraph 24.

25. EGV denies the allegations of Paragraph 25.

26. EGV denies the allegations of Paragraph 26.

27. EGV denies the allegations of Paragraph 27.

28. EGV denies the allegations of Paragraph 28.

29. EGV denies the allegations of Paragraph 29.

30. EGV denies the allegations of Paragraph 30.

31. EGV denies the allegations of Paragraph 31.

## **LEGAL BASIS FOR THE CLAIMS**

32. The allegations of Paragraph 32 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

33. The allegations of Paragraph 33 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

34. The allegations of Paragraph 34 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

35. The allegations of Paragraph 35 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

36. The allegations of Paragraph 36 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

37. The allegations of Paragraph 37 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

38. The allegations of Paragraph 38 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

## FACTUAL BACKGROUND AS TO PLAINTIFF

39. EGV denies the allegations in Paragraph 39.

40. EGV is without sufficient information to admit or deny the allegations of Paragraph 40 and therefore denies the same.

41. EGV denies the allegations in Paragraph 41.

42. EGV denies the allegations in Paragraph 42.

43. EGV denies the allegations in Paragraph 43.

44. EGV denies the allegations in Paragraph 44.

45. EGV denies the allegations in Paragraph 45.

46. EGV denies the allegations in Paragraph 46.

47. EGV denies the allegations in Paragraph 47.

48. EGV denies the allegations in Paragraph 48.

49. EGV denies the allegations in Paragraph 49.

50. EGV denies the allegations in Paragraph 50.

## CLASS ALLEGATIONS

51. The allegations of Paragraph 51 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

52. The allegations of Paragraph 52 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

53. EGV denies the allegations in Paragraph 53 and its subparts.

54. EGV denies the allegations in Paragraph 54.

55. EGV denies the allegations in Paragraph 55.

56. EGV denies the allegations in Paragraph 56.

57. EGV denies the allegations in Paragraph 57.

58. EGV denies the allegations in Paragraph 58.

59. EGV denies the allegations in Paragraph 59.

60. EGV denies the allegations in Paragraph 60.

### COUNT I KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. 227(B)

61. As and for its response to COUNT I of Plaintiff's Second Amended Class Action Complaint, EGV adopts and incorporates its answers to Paragraphs 1 - 60 as set forth above *in haec verba*.

62. EGV denies the allegations in Paragraph 62.

63. EGV denies the allegations in Paragraph 63.

64. EGV denies the allegations in Paragraph 64.

65. EGV denies the allegations in Paragraph 65.

WHEREFORE, having fully answered Count I of Plaintiff's Second Amended Class Action Complaint, EGV requests that the Court:

(a) determine that this action cannot be maintained as a class action;

(b) dismiss Plaintiff's Class Action Complaint with prejudice on the merits;

(c) that Plaintiff take nothing by the Class Action Complaint;

(d) assess costs against Plaintiff;

(e) award EGV its attorneys' fees and expenses incurred in defending this matter; and

(f) award EGV such other additional relief as this Court deems just and proper.

## JURY DEMAND

66. The allegations of Paragraph 66 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by EGV.

## DEFENSES AND AFFIRMATIVE DEFENSES

EGV's responses to Plaintiff's Second Amended Class Action Complaint set forth above are made subject to the defense(s) below. Unless expressly admitted above, EGV denies each and every other allegation set forth in Plaintiff's Second Amended Class Action Complaint not specifically admitted herein and demands strict proof thereof.

1. For further answering and for its First Affirmative Defense, EGV states that Plaintiff's Second Amended Class Action Complaint fails to state a claim upon which relief may be granted and is therefore subject to dismissal.

2. For further answering and for its Second Affirmative Defense, EGV states that whatever alleged damages Plaintiff sustained, if any, were the result of Plaintiff's own acts or omissions.

3. For further answering and for its Third Affirmative Defense, EGV states that Plaintiff failed to mitigate its damages.

4. For further answering and for its Fourth Affirmative Defense, EGV states that Plaintiff voluntarily provided EGV with its cell phone number and consented to receiving the

phone calls; therefore, Plaintiff is estopped from asserting the cause of action set forth in the Second Amended Class Action Complaint.

5. For further answering and for its Fifth Affirmative Defense, EGV states that Plaintiff brought the cause of action set forth in its Second Amended Class Action Complaint in bad faith and for the sole purpose of harassing EGV. Therefore, EGV is entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(b).

6. For further answering and for its Sixth Affirmative Defense, EGV states that it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations and advertisements in violation of the regulations prescribed under the TCPA; and therefore, EGV is not in violation of the TCPA.

7. For further answering and for its Seventh Affirmative Defense, EGV states Plaintiff's counsel is unreasonably and vexatiously multiplying the proceedings in the above-captioned case; and therefore, Plaintiff's counsel should be made to pay the excess costs, expenses, and attorneys' fees reasonably incurred by EGV because of such conduct – per 28 U.S.C. § 1927.

8. For further answering and for its Eighth Affirmative Defense, EGV states that the claims of Plaintiff and the members of the purported class are barred, in whole or in part, under principles of waiver, estoppel and laches because, among other things, no prior complaint was made by the Plaintiff or any member of the purported class prior to the filing of Plaintiff's Complaint and the Plaintiff or any member of the purported class derived a benefit from the phone call(s) allegedly sent.

9. For further answering and for its Ninth Affirmative Defense, EGV states that it had a prior and ongoing business relationship with Plaintiff through which EGV had previously obtained permission to contact the Plaintiff by telephone.

10. For further answering and for its Tenth Affirmative Defense, EGV states that the Plaintiff and anyone claimed to be a member of the purported class lacks standing to assert claims under Plaintiff's Second Amended Class Action Complaint because, among other things, they have alleged no cognizable injury.

11. For further answering and for its Eleventh Affirmative Defense, EGV states that Plaintiff's Second Amended Class Action Complaint fails to satisfy the requirements of Federal law for class action treatment, as a result of which this action cannot be maintained as a class action.

12. For further answering and for its Twelfth Affirmative Defense, EGV states that it did not make the phone calls alleged to be violative of the TCPA and therefore, committed no act in violation of the TCPA.

13. For further answering and for its Thirteenth Affirmative Defense, EGV expressly reserves the right to assert any further affirmative defenses that are identified in the course of discovery and throughout the remainder of this litigation.

WHEREFORE, having fully answered Plaintiff's Second Amended Class Action Complaint, EGV requests that the Court:

(a) determine that this action cannot be maintained as a class action;

(b) dismiss Plaintiff's Class Action Complaint with prejudice on the merits;

(c) that Plaintiff take nothing by the Class Action Complaint;

(d)  assess costs against Plaintiff;

(e)  award EGV its attorneys' fees and expenses incurred in defending this matter; and

(f)  award EGV such other additional relief as this Court deems just and proper.

Dated this 24th day of April, 2019.

POLSINELLI PC

/s/Thomas H. Wagner

Thomas H. Wagner
1401 Lawrence St., Suite 2300
Denver, CO 80202
(303) 572-9300
(303) 572-7883 (facsimile)
twagner@polsinelli.com
*Attorneys for Defendant EGV Companies, Inc.,
d/b/a Omega Auto Care*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of April, 2019, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the following:

Brian D. Gonzales  bgonzales@coloradowagelaw.com
The Law Offices of Brian Dr.
Gonzales, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, CO 80528

Dustin T. Lujan  wyoadvocate@gmail.com
Lujan Law Office
1603 Capitol Ave., Suite 310 A559
Cheyenne, WY 82001
*Attorneys for Plaintiff*

**Holly Stein Sollod**  hsteinsollod@hollandhart.com
Holland & Hart, LLP-Denver  lmlopezvelasquez@hollandhart.com;
555 17th Street, Suite 3200  intaketeam@hollandhart.com
Denver, CO 80202

**Paul Douglas Swanson**  PDSwanson@hollandhart.com
Holland & Hart, LLP-Denver  jdfrerker@hollandhart.com
555 17th Street, Suite 3200  paul.d.swanson@gmail.com
Denver, CO 80202  psams@hollandhart.com
*Attorneys for Defendants,*  intaketeam@hollandhart.com
*American Auto Care, LLC; Beacon*
*Financial Solutions, LLC; Jessie Britt;*
*Kylie Britt; David Glenwinkel*

/s/ Thomas H. Wagner
Thomas H. Wagner