IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02807-PAB-SKC

ALEXANDER HOOD,

    Plaintiff,

v.

AMERICAN AUTO CARE, LLC, a Florida limited liability company,
BEACON FINANCIAL SOLUTIONS, LLC, a Florida limited liability company,
JESSIE BRITT,
KYLIE BRITT,
DAVID GLENWINKEL,
ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation,
CARGUARD ADMINISTRATION INC., a Kansas corporation,
MATRIX WARRANTY SOLUTIONS, INC., a Nevada Corporation, *d/b/a Element Protection Plans*, and
EGV COMPANIES, INC., a Delaware corporation, *d/b/a Omega Auto Care*,

    Defendants.

---

**ORDER GRANTING MOTION TO STAY DISCLOSURE AND DISCOVERY PENDING DETERMINATION OF JURISDICTION MOTION [ECF. #58]**

---

This order addresses Defendants' American Auto Care, LLC, Beacon Financial Solutions, LLC, Jessie Britt, Kylie Britt, and David Glenwinkel (collectively, the "AAC Defendants") Motion to Stay Disclosure and Discovery Pending Determination of Jurisdiction Motion [ECF. #58] (the "Motion"). The Court has carefully considered the Motion, Plaintiff Alexander Hood's ("Hood") Response [ECF. #64], the case file and applicable case law, and has determined that oral argument would not materially assist the Court. For the following reasons, the Motion is GRANTED.

1

Hood brings this putative class action alleging, in pertinent part, that the AAC Defendants invaded his privacy in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). [ECF. #45 at ¶¶ 1, 43-44.] On April 29, 2019, the AAC Defendants filed their Rule 12(b)(2) Motion to Dismiss ("Motion to Dismiss") [ECF. #57]. Then, the AAC Defendants filed the Motion seeking a stay of all discovery pending resolution of their Motion to Dismiss. The parties are currently briefing the Motion, which is pending before Chief Judge Brimmer.

Defendants EGV Companies, Inc. and Matrix Warranty Solutions, Inc., the only other Defendants currently appearing in this matter as of the date of this order, do not oppose the Motion.[1] [ECF. #58 at p. 1.] Hood opposes the Motion insofar as it seeks a stay of all discovery, but does not oppose the Motion so long as he is allowed to take jurisdictional discovery prior to any potential hearing on the Motion to Dismiss. [ECF. #64 at p.1.]

The Court's broad discretion to stay proceedings is incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). In this district, a stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Yet, questions of jurisdiction should be resolved at the earliest stages of litigation to conserve the time and resources of the parties and the Court. *See Stan Lee Media, Inc. v. Walt Disney Co.*,

---

[1] The two additional Defendants named in the case, Royal Administration Services, Inc. and Carguard Administration Inc., have not yet entered an appearance.

2

No.12-cv-02663-WJM-KMT, 2013 WL 855101 (D. Colo. Mar. 6, 2013) (citing *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005)).

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). When assessing the propriety of a stay of discovery, courts in this district have adopted the following five-factor balancing test: (1) prejudice of a stay to plaintiffs' interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interests. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

First, the Court believes a stay of all discovery would prejudice Hood in light of the jurisdictional issue raised in the AAC Defendants' Motion to Dismiss. The Court notes that Hood has a presumptive right to proceed expeditiously with his claims. *See Alattar v. Bell,* No. 13-cv-02990-MSK-KMT, 2014 WL 2566271, at *2 (D. Colo. June 5, 2014). This right "should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983). However, Hood does not oppose the Motion so long as he can take jurisdictional discovery in the event a hearing is held on the Motion to Dismiss. [ECF. #64 at p.1.] Considering his willingness to accept a stay and because a hearing is not set on the Motion to Dismiss, the Court does not find a stay would not prejudice Hood's interests. [*See id.*] Accordingly, this first factor weighs in favor of a stay.

Second, a stay would undoubtedly burden the AAC Defendants "if they were forced to engage in discovery if the court eventually granted their motion to dismiss." *String Chees Incident, LLC*, 2006 WL 894955, at *2. Furthermore, the Court is cognizant of its obligations under Rule 1 to secure the just, speedy, and *inexpensive* determination of every action. Fed. R. Civ. P. 1. Avoiding unnecessary discovery supports this goal. Thus, the second factor weighs in favor of a stay.

Third, the Court considers its own convenience. The Court recognizes that an "ill-advised stay" may inconvenience courts by making the "docket less predictable and, hence, less manageable." *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010). However, "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* Staying discovery in this case will not avoid such an expenditure because, even if the AAC Defendants' Motion to Dismiss is granted, the claims against Defendants Royal Administration Services, Inc., Carguard Administration Inc., Matrix Warranty Solutions, Inc., and EGV Companies, Inc. will remain. [*See generally* ECF. #57.] Considering the current posture of the pleadings, the Court will inevitably expend judicial resources on the claims not subject to the Motion to Dismiss. The Court concludes that the interests of judicial economy weigh against a stay.

With respect to the fourth factor, neither party has identified any nonparty whose interests would be impacted by the requested stay. Finally, as concerns the fifth factor, although there is a general public interest in the speedy resolution of legal disputes*, see,*

4

*e.g., Waisanen v. Terracon Consultants, Inc.*, Civil Action No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009), there is also a strong public policy in "avoiding unnecessary expenditures of public and private resources on litigation." *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015). Given the possibility of dismissal of Hood's claims against the AAC Defendants, the fifth factor weighs in favor of a stay.

Having balanced the five *String Cheese* factors, the Court finds that a stay of all discovery is warranted while the parties await a ruling on the Motion to Dismiss. Therefore, the AAC Defendants' Motion to Stay Disclosure and Discovery Pending Determination of Jurisdiction Motion [ECF. #58] is GRANTED.

Accordingly, IT IS ORDERED that discovery is stayed as to all Defendants pending resolution of the Motion to Dismiss [ECF. #57].

IT IS FURTHER ORDERED that a Status Conference is set for Thursday, August 8, 2019, at 10:30 AM in Courtroom C204 before Magistrate Judge S. Kato Crews.

DATED: May 31, 2019.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

5