**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02807-PAB-SKC

ALEXANDER HOOD, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

AMERICAN AUTO CARE, LLC
BEACON FINANCIAL SOLUTIONS, LLC, both Florida limited liability companies,
JESSIE BRITT
KYLIE BRITT,
DAVID GLENWINKEL, each individuals,
ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation, CARGUARD ADMINISTRATION INC., a Kansas corporation,
MATRIX WARRANTY SOLUTIONS, INC. d/b/a ELEMENT PROTECTION PLANS, a Nevada corporation,
EGV COMPANIES, INC. d/b/a OMEGA AUTO CARE, a Delaware corporation,

Defendants.

# DEFENDANT MATRIX WARRANTY SOLUTIONS, INC.'S MOTION TO DISMISS UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM & 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

## I. INTRODUCTION

The claims against Defendant Matrix Warranty Solutions, Inc. ("Matrix") should be dismissed for failure to state a claim and lack of personal jurisdiction. Plaintiff, Alexander Hood ("Hood"), on behalf of himself and others similarly situated, complains that he received an unauthorized automated call in violation of 47 U.S.C. §227, *et. seq.*, the Telephone Consumer Protection Act ("TCPA"). But, the complaint contains no facts supporting that Matrix made the call or that the party who did make this call was Matrix's agent. And, no facts show that Matrix purposefully directed any automated telephone activity to Colorado or purposely availed itself of the privilege of conducting activities or consummating a transaction in Colorado.

## II.
## 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Rallo v. Palmer Admin. Services, Inc.*, 18-CV-01510-RM-MEH, 2019 WL 1468411, at *1 (D. Colo. Apr. 3, 2019). This requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, merely conclusory, or that recite or parrot statutory language. *Ashcroft*, 558 U.S. 678-79; *Rallo*, 18-CV-01510-RM-MEH, 2019 WL 1468411, at *3. Second, the court must consider whether the factual allegations entitled to the assumption of truth plausibly suggest an entitlement to relief. *Ashcroft*, 558 U.S. 662, 681*; Rallo*, 18-CV-01510-RM-MEH, 2019 WL 1468411, at *3. To state a plausible claim, the plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Ashcroft*, 556 U.S. 662, 679.

### B. Plaintiff's Claim.

Here, Plaintiff alleges that Defendants violated 47 U.S.C. § 227(b), which provides:

> (1) **Prohibitions** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio

> service, or other radio common carrier service, or any service for which the called party is charged for the call.

Essentially, the statute prohibits a person from (1) making a call (2) without the recipient's consent (3) using an automated telephone dialing system (4) to any cellular telephone service.

Plaintiff has failed to state a claim that Matrix made any call to the Plaintiff, more less a call that satisfies the other requirements of the claim.

### C. The Allegations Are Not Sufficient to State a Plausible Claim that Matrix Made a Call That Violated the TCPA.

There are no facts showing that Matrix made any call. To the contrary, the complaint specifically states it was American Auto Care ("AAC") (not Matrix) that made or caused others to make the calls that are the subject of the Complaint. [*See* Second Am. Complaint on March 11, 2019 (Dkt. 45) ("SAC") at ¶ 41]. The Complaint also states that the call was made from a caller ID that showed 802-578-8675 and that AAC has provided records confirming its contact with the Plaintiff.[1] [SAC ¶ 44]. Plaintiff further claims that AAC has a recording of the phone call between AAC and Plaintiff. [SAC ¶ 45]. Additionally, the questions of law and fact, assertions of typicality, and the means to ascertain the size of the class and identity of its members are limited to the acts and records of AAC—not Matrix. [SAC ¶¶ 53-60].

The Complaint includes some generic allegations attributing actions related to calls to all Defendants. For instance, Plaintiff alleges that "Defendants knowingly made unsolicited calls" because "AAC and/or its agents lack a sufficiently adequate system for limiting autodialed calls to cellular phones for which it does not have prior express permission to call." [SAC ¶43]. AAC's alleged system deficiencies do not logically lead to the conclusion that all Defendants

[1] AAC has submitted an affidavit stating that it did not place the call Plaintiff complains of, that the phone number in question is not owned by AAC, and that the contact it had with the Plaintiff was initiated by the Plaintiff. [*See* Exhibit 1 to AAC's Motion to Dismiss (Dkt 57-1)].

made calls, these are bare assertions, merely conclusory, and parrot statutory language and, therefore, are not entitled to an assumption of truth. Plaintiff also alleges that "on information and belief, Defendants called Plaintiff on his cellular phone using ATDS, as defined by 47 U.S.C. §227(a)(1)." [SAC ¶46]. This is also conclusory and simply parrots the statutory language, and it is not entitled to the assumption of truth.

The allegations in the Complaint do not constitute a plausible claim that Matrix made any calls.

### D. The Well-Pleaded Facts Do Not Permit the Court to Infer More Than the Mere Possibility of Misconduct by Matrix.

Plaintiff failed to allege facts that infer more than the mere possibility of misconduct by Matrix. After the eliminating paragraphs 43 & 46, which are not entitled to the assumption of truth, the Complaint alleges no fact that would allow the Court to draw a reasonable inference that Matrix made the call that is the subject of this case.

Plaintiffs have not claimed that Matrix is vicariously liable for the calls it alleges were wrongfully made by AAC. However, in the Parties section of the Complaint, Plaintiff states there is an agency relationship between AAC and Matrix and that all Defendants formed a joint venture. To the extent that Plaintiff intended these to be a basis for vicarious liability claims, they cannot be—these statements are bare assertions, are merely conclusory, and are not entitled to an assumption of truth. There are no facts regarding any agency relationship or joint venture between Matrix and any other defendant.

## III.
## 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Additionally, this Court lacks personal jurisdiction over Matrix. The plaintiff bears the burden of pleading facts that support the exercise of personal jurisdiction. *Dudnikov v. Chalk &*

*Vermilion Fine Arts, Inc.*, 514 F.3d 1069, 1070 (10th Cir.2008); *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). Only the well-pleaded facts, affidavits, or other writings, as distinguished from conclusory allegations, can establish jurisdiction. *Dudnikov*, 514 F.3d at 1070; *Good v. Fuji Fire & Marine, Ins. Co., Ltd.*, 271 Fed. Appx. 756, 758–59 (10th Cir. 2008).

The test for personal jurisdiction includes determining whether any statute authorizes the service of process on defendants and whether exercising such statutory jurisdiction comports with constitutional due process demands. *Dudnikov*, 514 F.3d at 1063. When a state's long-arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause, the statutory inquiry effectively collapses into the constitutional analysis. *Id.* Here, the Colorado long-arm statute confers the maximum jurisdiction, so the only question is whether exercising jurisdiction would comport with constitutional due process. Plaintiff must establish either general or specific jurisdiction over Matrix.

**A. General Jurisdiction.**

The exercise of general jurisdiction over a defendant requires showing "continuous and systematic general business contacts" with the forum state. *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). For a corporation, general jurisdiction exists in a place where "the corporation is fairly regarded as at home," such as the company's state of formation or principal place of business. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011). Only in an "exceptional case" will a corporation's operations in a another state be "so substantial and of such a nature as to render the corporation at home" there. *BNSF Ry. Co. v. Tyrrell, U.S.*, 137 S. Ct. 1549, , 1552–53 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117 & FN 8 (2014)).

Here, the allegations do not support the Court's exercise of general jurisdiction over Matrix. Matrix is not "at home" in Colorado. As the Complaint recognizes, Matrix is a Nevada corporation with its principal offices in Texas. Nor are there allegations to support that this is an exceptional case where Matrix's contact with Colorado is so substantial as to render it at home in Colorado. To the contrary, Plaintiff makes only bald assertions in conclusory fashion that all the Defendants in this case "had continuous or systematic contacts with this District through their telemarketing efforts that target this District, and the exercise of personal jurisdiction does not offend the traditional notions of fair play and substantial justice" and that Defendants "conduct significant business in this District" [SAC ¶12 & 14]. But, there are no facts to support these conclusions as to Matrix. The few facts articulated in the Complaint that arguably relate to jurisdictional contacts with Colorado are specific to AAC[2] not Matrix.

Matrix is not incorporated in Colorado, does not have a principal office in Colorado, and dos not have contacts with Colorado so substantial as to render Matrix "at home" in Colorado. There is no basis for exercising general jurisdiction.

**B. Specific Jurisdiction.**

Likewise, the Court lacks specific jurisdiction over Matrix. The Supreme Court has held that, to exercise specific jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Supreme Court has instructed that the "minimum contacts" standard requires, first, that the

---

2 There was a single alleged telephone call from AAC to a purported Colorado resident (whose cellular number may or may not be a Colorado number) and three alleged contacts *from* Colorado consumers *to* AAC [SAC ¶¶18-20, 39-45].

out-of-state defendant must have "purposefully directed" its activities at residents of the forum state, and second, that the plaintiff's injuries must "arise out of" defendant's forum-related activities. *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Minimum contacts exist where the nonresident defendant "purposefully directed" its activities at the forum state or "purposefully availed" itself of the privilege of conducting activities or consummating a transaction in the forum state. *See Dudnikov*, 514 F.3d at 1071; *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir.2004); *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1277 (10th Cir.2005); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir.1998). In all events, the shared aim of "purposeful direction" doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely "random, fortuitous, or attenuated contacts" with the forum state. *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174 (internal quotations omitted). Purposeful direction exists when there is (1) an intentional action, that was (2) expressly aimed at the forum state, with (3) knowledge that the brunt of the injury would be felt in the forum state. *Dudnikov*, 514 F.3d at 1072.

Matrix did not have minimum contacts with Colorado. Plaintiffs merely make the conclusory statements in the Complaint that all the Defendants in this case "conduct significant business in this District" and that "the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District." [SAC ¶12]. Again, the few facts articulated in the Complaint that arguably relate to jurisdictional contacts with Colorado are not contacts with or by Matrix. There is no fact sufficient to show that Matrix directed any alleged

unlawful conduct to Colorado or knew that injury related to such conduct would be felt in Colorado. Matrix did not call the Plaintiff.

Moreover, to the extent that the phone call complained of could be imputed to Matrix—it cannot—that call to Plaintiff's cellular number is not a meaningful contact with Colorado. The Complaint does not specify that the cellular number on which Plaintiff allegedly received this call is a Colorado telephone number. AAC has submitted an affidavit that the telephone number allegedly called bears an (802) area code, which is an area code for Vermont, not Colorado. And, there is no indication that the caller, whether that is AAC or another party, was expressly directing the call to Colorado or that Plaintiff's alleged injuries arise out of any contact with Colorado. "Random, fortuitous, or attenuated" contact with a state or the "unilateral activity of another party or third person" cannot support jurisdiction. *See Burger King Corp.*, 471 U.S. at 475. If the number called was not a Colorado number, a call to that number does not establish purposeful conduct with Colorado where the call was not expressly aimed at Colorado. *See Hastings v. Triumph Prop. Mgmt. Corp.*, No. 15-cv-312, 2015 WL 9008758, at *2 (S.D. Cal. Dec. 15, 2015) (holding there was no jurisdiction where the area code called was not specific to the jurisdiction and Plaintiff's pleadings ignored the area code of the phone number called and focused on where Plaintiff resided); *Michaels v. Micamp Merchant Servs.*, No. 13-cv- 191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013); *Cunningham v. Caribbean Cruise Line, Inc.*, No. 3:14-cv-01040, 2015 WL 475271, at *6 (M.D. Tenn. Feb. 4, 2015). Even if the call was a Colorado number, calls to a cellular telephone do not demonstrate purposeful, targeted contacts with a forum unless the caller is intentionally directing where the recipient is located. *See Sojka v. Loyalty Media LLC*, No. 14-cv-770, 2015 WL 2444506, at *3 (N.D. Ill. May 20, 2015); *Frank v. Gold's Gym*, No. 18-cv-447, 2018 WL 3158822, at *3 (D. Minn. June 28, 2018).

Matrix did not make the call that is the subject of the lawsuit. Matrix did not purposefully direct calls to the Plaintiff in Colorado. Matrix did not avail itself of the privilege of conducting activities in Colorado or consummate a transaction with Plaintiff in Colorado. Matrix did not have minimum contacts with Colorado such that it should be hauled into Court in Colorado and to do so would offend traditional notions of fair play and substantial justice. The Court should dismiss Plaintiff's claims for lack of personal jurisdiction.

## IV.
## CONCLUSION

Plaintiff seeks to maintain an action against Matrix for allegedly violating the TCPA by making a call without Plaintiff's consent using an automated telephone dialing system to a cellular telephone. Making a phone call is the heart of the claim. But Plaintiff does not and cannot allege well-pleaded facts showing that Matrix made the phone call that is the subject of the Complaint. Therefore, the Court cannot draw a reasonable inference that Matrix is liable for the misconduct alleged and the claims should be dismissed for failure to state a claim.

Plaintiff also seeks to invoke this Court's jurisdiction over a Matrix, a Nevada corporation with a principal place of business in Texas, based on one alleged telephone call made by another party to the Vermont cellular phone number of a Colorado resident. There are no facts indicating that Matrix took any action related to this call more less that it purposefully directed it to Colorado. Exercising jurisdiction over Matrix would violate due process. Accordingly, the Court should dismiss Plaintiff's claims for lack of personal jurisdiction.

Matrix respectfully requests that this Court dismiss Plaintiff's claims for failure to state a claim and lack of personal jurisdiction and award Matrix its attorney's fees pursuant to C.R.S. § 13-17-201. *See Eim v. CRF Frozen Foods LLC*, 18-CV-01404-PAB-KLM, 2019 WL 1382790,

at *6–7 (D. Colo. Mar. 26, 2019)(Brimmer, J.)(awarding fees after full dismissal under Rule 12(b)(2).

        Respectfully submitted,

*/s /Benjamin M. Leoni*
Benjamin M. Leoni
LEWIS, BESS, WILLIAMS & WEESE P.C.
1801 California St., Suite 3400
Denver, Colorado 80202
Phone: (303) 861-2828
Email: bleoni@lewisbess.com

*/s/ Jeff Whitfield*
Jeff Whitfield
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Email: jeff.whitfield@kellyhart.com

**ATTORNEYS FOR DEFENDANT
MATRIX WARRANTY SOLUTIONS, INC.
d/b/a ELEMENT PROTECTION PLANS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
Email: bgonzales@coloradowagelaw.com

Dustin T. Lujan
LUJAN LAW OFFICE
1603 Capital Avenue, Suite 310 A559
Cheyenne, Wyoming 82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

***Attorneys for Plaintiff***

Holly Stein Sollod
HOLLAND & HART, LLP-DENVER
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: (303)295-8085
Email: hsteinsollod@hollandhart.com

Paul Douglas Swanson
HOLLAND & HART, LLP-DENVER
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: (303)295-8085
Email: pdswanson@hollandhart.com

Stuart Frederick Knight
GREENSPOON MARDER LLP-DENVER
1401 Lawrence Street, Suite 1900
Denver, Colorado 80202
Telephone: (720) 370-1163
Email: stuart.knight@gmlaw.com

***Attorneys for Defendants: American Auto Care, LLC; Beacon Financial Solutions, LLC; Jessie Britt; Kylie Britt; and David Glenwinkel***

Benjamin M. Leoni
LEWIS, BESS, WILLIAMS & WEESE P.C.
1801 California Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 861-2828
Email: bleoni@lewisbess.com

***Attorneys for Defendant Matrix Warranty Solutions, Inc.***

Brian Edward McGovern
MCCARTHLY LEONARD & KAEMMERER LC
825 Maryville Centre Drive, Suite 300
Chesterfield, Missouri 63017
Telephone: (314) 392-5200
Email: bmcgovern@mlklaw.com

Chad Matthew DeRoode
MCCARTHLY LEONARD & KAEMMERER LC
825 Maryville Centre Drive, Suite 300
Chesterfield, Missouri 63017
Telephone: (314) 392-5200
Email: cderoode@mlklaw.com

Thomas Hardy Wagner
POLSINELLI PC-DENVER
1401 Lawrence Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 572-9300
Email: twagner@polsinelli.com

***Attorneys for Defendant EGV Companies, Inc.***

*/s/ Jeff Whitfield*
Jeff Whitfield

**DEFENDANT MATRIX WARRANTY SOLUTIONS, INC.'S MOTION TO DISMISS UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM & 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** **PAGE 12**