IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02807-PAB-SKC

ALEXANDER HOOD, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

AMERICAN AUTO CARE, LLC and BEACON FINANCIAL SOLUTIONS, LLC, both
Florida limited liability companies, JESSIE BRITT, KYLIE BRITT, and DAVID
GLENWINKEL, each individuals, ROYAL ADMINISTRATION SERVICES, INC. a
Florida corporation, CARGUARD ADMINISTRATION INC., a Kansas corporation,
MATRIX WARRANTY SOLUTIONS, INC., d/b/a ELEMENT PROTECTION PLANS, a
Nevada corporation, and EGV COMPANIES, INC., d/b/a OMEGA AUTO CARE, a
Delaware corporation,

Defendants.

_____

## MOTION FOR JURISDICTIONAL DISCOVERY
_____


## CERTIFICATION PURSUANT TO D.C. COLO. LCIVR.7.1

Counsel for all parties have conferred regarding this motion. Defendants do not

consent to the relief requested.

## I.  INTRODUCTION

Defendants American Auto Care ("AAC"); JESSIE BRITT, KYLIE BRITT, and

DAVID GLENWINKEL (together, the "Individual Defendants"); and MATRIX

WARRANTY SOLUTIONS, INC., d/b/a ELEMENT PROTECTION PLANS ("Matrix")

have all filed Motions to Dismiss for lack of personal jurisdiction pursuant to Rule

12(b)(2). *See* ECF Docs. 57 and 71. Plaintiff has responded and argued he has made a

*prima facie* showing sufficient to defeat these motions; however, if the Court deems that a more satisfactory showing of the facts is necessary to establish personal jurisdiction, Plaintiff is entitled to jurisdictional discovery.  The Court has stayed discovery pending the outcome of the pending motions, so Plaintiff cannot engage in any discovery in the meantime.[1] *See* ECF Doc. 69. Recognizing that it is Plaintiff's burden to establish the need for discovery, and wanting to avoid further delay, if the Court were to find Plaintiff has failed to make a *prima facie* jurisdictional case with regard to any of the Defendants, Plaintiff here moves for jurisdictional discovery so that discovery may commence immediately after the Court considers the Rule 12(b)(2) motions.

## II. ARGUMENT

If Plaintiff has failed to establish a *prima facie* case that that personal jurisdiction over one or more of the Defendants is appropriate in the forum, because Plaintiff's allegations are "specific and plausible," then a "more satisfactory showing of the facts is necessary" through jurisdictional discovery.  Under such circumstances, to deny Plaintiff jurisdictional discovery, would be an abuse of discretion. *Finn v. Great Plains Lending, LLC*, 689 F. App'x 608, 610 (10th Cir. 2017).  "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). The Tenth Circuit has articulated the following standard for determining whether jurisdictional discovery should be granted:

> As with other types of discovery, district courts possess discretion to permit jurisdictional discovery. *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). We review the denial of such discovery for abuse

---

[1] Plaintiff did not consent to a stay on discovery if it applied to jurisdictional discovery. See ECF Doc. 64.

of discretion. *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010). "[A] refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. **Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary**." *Sizova*, 282 F.3d at 1326 (citations and quotations omitted); *see also Breakthrough Mgmt. Grp.*, 629 F.3d at 1189. It is [Plaintiff's] burden, as the party seeking discovery, to demonstrate his entitlement to jurisdictional discovery and the resulting prejudice from its denial. *Breakthrough Mgmt. Grp.*, 629 F.3d at 1189 n.11.

*Id.* (emphasis added).

## A. <u>American Auto Care</u>

American Auto Care's principal jurisdictional argument is that Plaintiff must establish jurisdiction based on the illegal call itself, and Plaintiff cannot do that because Plaintiff has a Vermont area code and was called in Colorado. *See* ECF Doc. 57.  But that is not the law.

"[T]he "minimum contacts" standard requires, first, that the out-of-state defendant must have "purposefully directed" its activities at residents of the forum state, and second, that the plaintiff's injuries must "arise out of" defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). AAC invites this Court to read that so narrowly as to mean the alleged call viewed in isolation must be enough to establish minimum contacts. *See* ECF Doc. 57. But the Supreme Court has avoided a "rigid requirement that a defendant's in-state conduct must actually cause a plaintiff's claim" because to do so "might call into question whether even a plaintiff injured in a State by an item identical to

those sold by a defendant in that State could avail himself of that State's courts to redress his injuries—a result specifically contemplated by *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1788, n. 3 (2017) (Sotomayor, J. dissenting).

Thus, in the tort context, it is enough for minimum contacts to show that conduct related to a defendant's activities in a state caused Plaintiff's claims. And, Plaintiff established a *prima facie* case of that by alleging that: AAC has a telemarketing scheme targeting Colorado for the purpose of selling auto warranties; AAC sells auto warranties in Colorado, and Plaintiff was harmed by that telemarketing scheme in Colorado. *See* ECF 45, ⁋ 28; Plaintiff's Dec. at ECF 68-1, ⁋ 8. Plaintiff's specific and plausible allegations are supported by several pieces of circumstantial evidence from AAC's website and customer reviews that illustrate AAC's nationwide effort to contact customers—including customers in Colorado— in order to sell its extended warranties. ECF Doc. 45 at ⁋⁋ 15-21 (Am. Complaint); ECF 68-1 at ⁋⁋ 27, 28.

While Plaintiff believes these allegations sufficient to establish AAC's minimum contacts in the forum, it nonetheless, also believes they are sufficient to justify limited jurisdictional discovery, for the Court may determine there to be a need for greater factual development on this issue. Plaintiff should, therefore, be entitled to discovery regarding the breadth and scope of AAC's telemarketing and warranty sales in Colorado, thus enabling him to make "a more satisfactory showing of the facts" to establish personal jurisdiction. *See Sizova*, 282 F.3d at 1326. Specifically, Plaintiff

requests he be permitted discovery regarding (1) all telemarketing calls made by AAC to Colorado and (2) all warranties sold by AAC in Colorado.

## B. **The Other Defendants**

With regard to the remaining Defendants, Plaintiff's jurisdictional argument is based on agency and alter ego theory.  Plaintiff alleges that American Auto Care made the call acting as an agent of Beacon, The Individual Defendants, and Matrix.  *See* Complaint at ECF 45, ¶ 10. *See* Colo. Rev. Stat. § 13-1-124 ("Engaging in any act enumerated in this section by any person,…***either in person or by an agent***, submits such person and, if a natural person, such person's personal representative to the jurisdiction of the courts this state...." (emphasis added)); *Goettman v. N. Fork Valley Rest.*, 176 P.3d 60, 67–68 (Colo. 2007) ("Hence, under Colorado's long-arm statute, a nonresident defendant may be subject to personal jurisdiction in Colorado based on the imputed contacts of the defendant's agent.").

### 1.  **The Individual Defendants**

Plaintiff has established a *prima facie* case that the Individual Defendants are joint owners of AAC and that the alleged call was made according to the instructions of the Individual Defendants. *See Bais Yaakov of Spring Valley v. Graduation Source, L.L.C.*, 2016 WL 1271693 (S.D.N.Y. Mar. 29, 2016) (corporate officer who personally authorized junk faxes, was involved in designing them, and authorized payment for sending them may be liable even if someone else used fax machine to send them); *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.* 2014 WL 12103245 (W.D. Wash. Nov. 4, 2014) (refusing to dismiss TCPA claim against person who was founder, president, and sole owner of seller and who had not implemented procedures to comply with TCPA;

seller and caller may also have been his agents).  In particular, Plaintiff alleges that the Individual Defendants gathered leads, entered the numbers into the dialers, and supervised the agents directed to make the calls. The Individual Defendants' Memorandum of Understanding creating AAC made all owners responsible for "flow of Lead Acquisitions to Loading Data, to Allocating to the Dialer, and monitoring frontiers and closers…." ECF Doc. 45 ¶ 8 (Am. Complaint); ECF Doc. 68-1, p. 13 (MOU).

If more evidence is needed, Plaintiff should be entitled to discovery regarding the Individual Defendants roles in the telemarketing scheme to make "a more satisfactory showing of the facts" to establish personal jurisdiction. *See Sizova*, 282 F.3d at 1326. Specifically, Plaintiff requests he be allowed discovery regarding each Individual Defendant's role in implementing AAC's alleged telemarketing scheme.

## 2. Beacon

Finally, Plaintiff has established a *prima facie* case that Beacon was an agent or alter ego of AAC. (Am. Comp. at ⊮ 10). And, principals may be subject to specific jurisdiction due to the actions of their agents. *See Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1364 (10th Cir. 1974). Specifically, Plaintiff alleges that AAC "used Beacon Financial's call center to conduct its business and—at all times—was acting as Beacon Financial's agent" and that the Individual Owners wanted "***their participation and investment in BEACON to carry over into AMERICA AUTO*** because they decided to use BEACON's call center for the VSC business." ECF Doc. 45 ¶ 7 (Am. Comp. emphasis added); *See also* Plaintiff's Dec. at ECF 68-1, ⊮ 36.

If that evidence is insufficient, Plaintiff should be entitled to discovery regarding the Beacon's role in the telemarketing scheme to make "a more satisfactory showing of

the facts" to establish personal jurisdiction. *See Sizova*, 282 F.3d at 1326. Specifically,

Plaintiff requests he be allowed discovery regarding (1) whether AAC and Beacon were

alter egos by virtue of comingling assets, sharing facilities, and sharing employees; and

(2) whether AAC was acting as an agent of Beacon by implementing its telemarketing

scheme.

### 3. Matrix

With regard to Matrix, Plaintiff has made a *prima facie* case that AAC was acting

as an agent of Matrix when it was selling Matrix warranties using its telemarketing

scheme. *See* ECF Doc. 45, ¶ 10 (amended complaint).  Moreover, in their ongoing

investigations, Plaintiff has discovered a separate TCPA complaint against Matrix

accusing it of using "third parties," like AAC, to implement telemarketing schemes using

autodialers and pre-recorded messages.[2]

---

[2] That case is captioned *Boger v. Matrix Warranty Solutions, Inc.*, 8:19-cv-00170-TJS (D. Ma.) and the complaint in that case is available on Pacer or here:https://www.courtlistener.com/recap/gov.uscourts.mdd.443257/gov.uscourts.mdd.443257.1.0.pdf. Plaintiff asks that this Court take judicial notice of the allegations in that case regarding Matrix's used of third parties to implement telemarketing schemes with autodialers and pre-recorded messages. *See NuCal Foods, Inc. v. Quality Egg LLC,* 887 F. Supp. 2d 977 (E.D. Cal. 2012). Specifically, Plaintiff points to the following paragraphs of the Complaint:

18. Matrix Warranty provides extended warranty services to consumers.
19. To generate business through sales, Matrix Warranty relies on telemarketing.
20. **However, Matrix Warranty's contact with the potential new customers is limited, and the telemarketing is conducted by third parties.**
21. One of Matrix Warranty's strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business by **third parties.**
22. Another of Matrix Warranty's strategies is the use of pre-recorded messages in its telemarketing to solicit business by **third parties.**

If that evidence is insufficient, Plaintiff should be entitled to discovery regarding Matrix's relationship with AAC to establish the nature and scope of the agency relationship to make a more satisfactory showing of the facts" to establish personal jurisdiction. *See Sizova*, 282 F.3d at 1326. Specifically, Plaintiff requests he be allowed discovery regarding the scope of AAC's agency relationship with Matrix, including Matrix's involvement in AAC's alleged telemarketing scheme.

WHEREFORE, if the Court finds that Plaintiff failed to establish a *prima facie* case with regard to any Defendant that filed a motion to dismiss for lack of personal jurisdiction, Plaintiff requests jurisdictional discovery as follows:

**For Defendant AAC:** discovery regarding (1) all telemarketing calls made by AAC to Colorado and (2) all warranties sold by AAC in Colorado.

**For Matrix:** discovery regarding the scope of AAC's agency relationship with Matrix, including Matrix's involvement in AAC's alleged telemarketing scheme.

**For Individual Defendants:** discovery regarding each Individual Defendant's role in implementing AAC's alleged telemarketing scheme.

**For Beacon:** discovery regarding (1) whether AAC and Beacon were alter egos by virtue of comingling assets, sharing facilities, and sharing employees; and (2) whether AAC was acting as an agent of Beacon by implementing its telemarketing scheme.

---

*Id.*

Respectfully submitted this 15th day of October, 2019.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Dustin T. Lujan
Lujan Law Office
1603 Capitol Ave, Suite 310 A559
Cheyenne, Wyoming 82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2019, a true and correct copy of the foregoing **MOTION FOR JURISDICTIONAL DISCOVERY** was served electronically on all counsel of record.

*s/Brian D. Gonzales*

_____