IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02807-PAB-SKC

ALEXANDER HOOD, on behalf of himself and all similarly situated persons,

     Plaintiff,

v.

AMERICAN AUTO CARE, LLC and BEACON FINANCIAL SOLUTIONS, LLC, both Florida limited liability companies, JESSIE BRITT, KYLIE BRITT, and DAVID GLENWINKEL, each individuals, ROYAL ADMINISTRATION SERVICES, INC. a Florida corporation, CARGUARD ADMINISTRATION INC., a Kansas corporation, MATRIX WARRANTY SOLUTIONS, INC., d/b/a ELEMENT PROTECTION PLANS, a Nevada corporation, and EGV COMPANIES, INC., d/b/a OMEGA AUTO CARE, a Delaware corporation,

     Defendants.

_____

**REPLY IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY[1]**

**[Response Filed November 5, 2019 – ECF No. 83]**
_____

     Plaintiff's operative complaint establishes a *prima facie* case of personal jurisdiction over all Defendants.  As a result, in order to preserve resources, Plaintiff – although initially objecting – ultimately agreed to a stay of discovery while the Court considers the pending motions to dismiss.  Plaintiff is not seeking to lift this stay but, instead, requests jurisdictional discovery only if the Court finds that Plaintiff has not met his burden in response to the motions to dismiss.  In that case, Plaintiff is entitled to jurisdictional discovery, *Finn v. Great Plains Lending, LLC*, 689 F. App'x 608, 610 (10th

_____

[1] Only the AAC Defendants have objected to the Motion.

Cir. 2017); *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975), which is why Plaintiff specifically reserved his right to conduct such discovery.  (ECF No. 64)("Plaintiff does not oppose a stay of discovery pending resolution of the pending jurisdiction motion as long as such a stay does not apply to any jurisdictional discovery authorized or ordered by the Court.")

In responding to the motions to dismiss, Plaintiff requested jurisdictional discovery in the alternative.  (ECF No. 73 at 12-13); (ECF No. 68 at 15).  Under Tenth Circuit precedent, however, a request for such discovery arguably must be made through a separately filed and supported motion.  *World Wide Association of Specialty Programs v. Houlahan*, 138 Fed.Appx. 50, 52 (10th Cir. 2005)("Plaintiff apparently made a general request for discovery in its response to defendant's dismissal motion.  In the absence of an explicit, supported motion for discovery, this court cannot say that the district court abused its discretion in denying the request.")  Plaintiff could have waited and filed this Motion only if the Court grants the motions to dismiss.  Instead, Plaintiff elected to file this Motion now so the Court can rule on all of the issues simultaneously. In other words, the Motion is neither a sur-reply nor a "vexatious" attempt to multiply proceedings.

Respectfully submitted this 19th day of November, 2019.

*s/Brian D. Gonzales*

_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Dustin T. Lujan
Lujan Law Office
1603 Capitol Ave, Suite 310 A559
Cheyenne, Wyoming 82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2019, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY** was served electronically on all counsel of record.


*s/Brian D. Gonzales*

_____