IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02807-PAB-SKC

ALEXANDER HOOD, on behalf of himself and all similarly situated persons,

     Plaintiff,

v.

AMERICAN AUTO CARE, LLC, a Florida limited liability company,
BEACON FINANCIAL SOLUTIONS, LLC, a Florida limited liability company,
JESSIE BRITT, an individual,
KYLIE BRITT, an individual,
DAVID GLENWINKEL, an individual,
ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation,
CARGUARD ADMINISTRATION, INC., a Kansas corporation,
MATRIX WARRANTY SOLUTIONS, INC., d/b/a Element Protection Plans, a Nevada corproration, and
EGV COMPANIES, INC., d/b/a Omega Auto Care, a Delaware corporation,

     Defendants.
_____

**ORDER**
_____

     This matter is before the Court on the AAC Defendants' Rule 12(b)(2) Motion to Dismiss [Docket No. 57], Defendant Matrix Warranty Solutions, Inc.'s Motion to Dismiss Under 12(b)(6) for Failure to State A Claim & 12(b)(2) for Lack of Personal Jurisdiction [Docket No. 71], and plaintiff's Motion for Jurisdictional Discovery [Docket No. 82].  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**I.  BACKGROUND**

     This matter arises out of an unwanted phone call.  Defendant American Auto Care, LLC ("AAC") sells vehicle service contracts, which provide customers with vehicle

repair coverage after the vehicle manufacturer's warranty expires.  Docket No. 45 at 5,

¶ 15 and at 8, ¶ 39.  AAC uses telemarketing to sell these vehicle service contracts

nationwide, including in Colorado by calling Colorado telephone numbers.  *Id*. at 5,

¶ 15.  AAC's website includes a link to a website called "ConsumerAffairs," which

includes 412 reviews from customers who bought vehicle service contracts from AAC.

*Id*., ¶¶ 16-17.  The reviews indicate the residence of the reviewer; the reviewers are

from states all around the United States, including Colorado.  *Id*. at 5-7, ¶¶ 18-31.  AAC

is the wholly owned subsidiary of defendant Beacon Financial Solutions, LLC

("Beacon").  *Id*. at 3, ¶ 7.  Beacon, in turn, is owned by defendants Jessie Britt, Kylie

Britt, and David Glenwinkel (the "individual defendants").  *Id*. at 3-4, ¶ 8.  The vehicle

service contracts sold by AAC are provided by defendants Royal Administration

Services, Inc. ("Royal"), Carguard Administration, Inc. ("Carguard"), Matrix Warranty

Solutions, Inc. ("Matrix"), and EGV Companies, Inc. ("EGV").   *Id*. at 4, ¶ 9.[1]

Plaintiff Alexander Hood is a citizen of Colorado.  *Id*. at 2, ¶ 5.  On August 17,

2018, plaintiff received a phone call on his cell phone, which has a Vermont area code.

*Id*. at 9, ¶ 44; Docket No. 68-1 at 1-2, ¶ 6.[2]  Using an artificial or prerecorded voice, the

caller stated that plaintiff's vehicle warranty was expired and asked if plaintiff was

interested in extending his warranty.  Docket No. 45 at 10, ¶ 45.  Plaintiff pressed "1"

and was taken to a live person, who indicated that she was from "America Auto Care."

---

[1] Plaintiff alleges that AAC acts as an "agent" of Royal, Carguard, Matrix, and
EGV and that the five entities are a "joint venture" for the purpose of selling vehicle
service contracts.  Docket No. 45 at 4, ¶ 10.   Similarly, plaintiff alleges that AAC acts
as an agent of Beacon and that the two entities are a "joint venture."  *Id*. at 3, ¶ 7.

[2] The parties dispute whether plaintiff received or placed the call.

*Id*. Plaintiff indicated that he was not interested and hung up the call. *Id*. Plaintiff alleges that this call was "made by or on behalf of" defendants. *Id*. at 9, ¶ 44.

On November 2, 2018, plaintiff filed this lawsuit. Docket No. 1. The operative complaint brings a claim against all defendants for knowingly and/or willfully violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Docket No. 45 at 13-14, ¶¶ 61-65. Plaintiff's claim is brought as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of a nationwide class. *Id*. at 11-13, ¶¶ 51-60.

On April 29, 2019, AAC, Beacon, and the individual defendants (together, the "AAC defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). Docket No. 57. The AAC defendants argue that this Court does not have personal jurisdiction over them. *Id*. On June 7, 2019, Matrix filed a motion to dismiss pursuant to Rules 12(b)(2) and (6). Docket No. 71. Matrix argues that the Court does not have personal jurisdiction over it, and that the complaint fails to state a claim against it for violating the TCPA. *Id*. On October 15, 2019, plaintiff filed a motion for jurisdictional discovery. Docket No. 82.

## II.  LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether a court has personal jurisdiction over a defendant. The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). A plaintiff can satisfy its burden by making a prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The court will accept the well-pleaded allegations of the complaint as true in

determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). "The allegations of a complaint must be taken as true unless contradicted by the defendant's affidavits, . . . and to the extent that the affidavits contradict allegations in the complaint or opposing affidavits, all disputes must be resolved in the plaintiff's favor." *Iselo Holdings, LLC v. Coonan*, No. 09-cv-02126-MSK-MJW, 2010 WL 3630125, at *3 (D. Colo. Sept. 10, 2010) (citing *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984)).

## III. ANALYSIS

### A. Personal Jurisdiction

In establishing whether a federal court has personal jurisdiction over a defendant, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The TCPA is silent regarding service of process. *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016). The Colorado long-arm statute has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are

4

such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Shaw v. Vircurex*, No. 18-cv-00067-PAB-SKC, 2019 WL 2636271, at *2 (D. Colo. Feb. 21, 2019). Plaintiff does not argue that the Court has general jurisdiction over defendants. Docket No. 68 at 4. Thus, the Court focuses its inquiry on specific jurisdiction.

Specific jurisdiction is present only if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (emphasis removed). The specific jurisdiction analysis is two-fold. First, the Court must determine whether a defendant has such minimum contacts with Colorado that the defendant "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether the defendant purposefully directed its activities at the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and whether plaintiff's claim arises out of or results from "actions by . . . defendant . . . that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (internal quotations omitted). Second, if defendant's actions create sufficient minimum contacts, the Court must consider whether the exercise of personal jurisdiction over defendant offends "traditional notions of fair play and substantial justice." *Id.* at 105. This latter inquiry requires a determination of whether the Court's

exercise of personal jurisdiction over the defendant is "reasonable" in light of the circumstances of the case. *Id.*

A plaintiff can satisfy its burden by making a prima facie showing. *Dudnikov*, 514 F.3d at 1070. The court will accept the well-pleaded allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). "The allegations of a complaint must be taken as true unless contradicted by the defendant's affidavits, . . . and to the extent that the affidavits contradict allegations in the complaint or opposing affidavits, all disputes must be resolved in the plaintiff's favor." *Iselo Holdings, LLC v. Coonan*, No. 09-cv-02126-MSK-MJW, 2010 WL 3630125, at *3 (D. Colo. Sept. 10, 2010) (citing *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984)).

### 1. American Auto Care

Plaintiff argues that the complaint establishes personal jurisdiction because it alleges that defendants engaged in telemarketing activities that targeted Colorado phone numbers. Docket No. 68 at 5; *see* Docket No. 45 at 5, ¶ 15 (alleging that defendants "use telemarketing to sell vehicle service contracts . . . nationwide, including in Colorado by calling Colorado phone numbers").[3] Plaintiff contends that this

---

[3] The AAC defendants do not contradict this allegation in their affidavits; instead, they argue that the Court should not consider this allegation because it is "conclusory." Docket No. 72 at 5. The Court disagrees. Whether defendants engage in telemarketing activities in Colorado is a factual allegation rather than a conclusion. The AAC defendants could have contradicted this allegation in their affidavits; they did not do so. Thus, the Court must take this allegation as true. *See Iselo Holdings, LLC*, 2010 WL 3630125, at *3 (noting that "[t]he allegations of a complaint must be taken as

allegation, combined with his allegation that plaintiff suffered injury in Colorado from these telemarketing activities, establishes minimum contacts sufficient for this Court to exercise specific personal jurisdiction. Docket No. 68 at 6-7. However, the parties agree that plaintiff's phone number has a Vermont area code rather than a Colorado area code. *See* Docket No. 57-1 at 3, ¶ 13; Docket No. 68-1 at 1-2, ¶ 6. Thus, the jurisdictional crux is whether AAC's call to plaintiff, targeted to a Vermont area code but received in Colorado, satisfies the requirement that plaintiff's claim "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (emphasis removed); *see also Monge v. RG Petro-Marchinery (Group) Co. Ltd.*, 701 F.3d 598, 614 (10th Cir. 2012) (noting that a court "must determine whether a nexus exists between the [d]efendant's forum-related contacts and the [p]laintiff's cause of action").

*Bristol-Myers Squibb* sets out the governing framework. In *Bristol-Myers Squibb*, a group of plaintiffs – some of whom were California residents, others of whom were not – filed complaints in California state court against a pharmaceutical company. 137 S. Ct. at 1778. The California Supreme Court held that specific jurisdiction over the non-resident plaintiffs existed under a "sliding-scale" approach because the company had extensive contacts with California and "the claims of the nonresidents were similar in several ways to the claims of the California residents." *Id*. at 1779. Reversing, the Court held that there "must be an 'affiliation between the forum and the underlying controversy,'" and that without such a connection "specific jurisdiction is lacking

_____

true unless contradicted by the defendant's affidavits")

regardless of the extent of a defendant's unconnected activities in the [forum] [s]tate." *Id*. at 1781 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919, 931 n.6 (2011)).

The Court is not persuaded that the phone call to plaintiff satisfies the arises out of requirement. The complaint alleges that defendants' telemarketing campaign targets Colorado by "calling Colorado phone numbers." *See* Docket No. 45 at 5, ¶ 15. However, the phone call to plaintiff was not targeted at a Colorado phone number. Rather, it targeted a phone number with a Vermont area code. Plaintiff points to no allegations or evidence that would allow the Court to infer that defendants knew that his Vermont phone number was associated with a Colorado resident. Thus, there is an insufficient connection between the forum and the "underlying controversy" – a phone call to a Vermont area code – to allow the Court to exercise specific jurisdiction here. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781; *see also Fidrych v. Marriott Int'l, Inc.*, __ F.3d __, 2020 WL 986674, at *10 (4th Cir. Mar. 2, 2020) (holding that injury suffered at defendant's property in a foreign country did not arise out of defendant's business activity in forum state).

This conclusion is reinforced by TCPA cases across the country. Broadly speaking, district courts have found specific jurisdiction in a forum state where the complaint alleges that "the defendant sent its telemarketing call to a number bearing the state's area code." *See Abramson v. CWS Apartment Homes, LLC*, 2016 WL 6236370, at *4 (W.D. Pa. Oct. 24, 2016) (collecting cases). However, district courts have found no jurisdiction in the forum state where defendants placed a call to a forum-

resident plaintiff whose phone number had a non-forum area code.  *See, e.g.*, *Michaels v. Micamp Merch. Servs.*, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013); *Cunningham v. Carribean Cruise Line, Inc.*, 2015 WL 475271, at *6 (M.D. Tenn. Feb. 4, 2015); *Hastings v. Triumph Prop. Mgmt. Corp.*, 2015 WL 9008758 (S.D. Cal. Dec. 15, 2015).  Admittedly, these cases analyzed the receiving phone's area code within the first prong of the specific jurisdiction analysis – purposeful direction – rather than the "arise out of or relate to" requirement.[4]  Here, the complaint adequately alleges facts that satisfy the purposeful conduct requirement (that AAC targets Colorado phone numbers), but those facts are distinct from the facts giving rise to plaintiff's cause of action (a phone call placed to a Colorado resident on a cell phone with a Vermont area code).  However, plaintiff does not cite, and the Court has not found, a TCPA case where a communication directed to a forum-resident plaintiff at a phone number with a non-forum area code was sufficient to confer specific personal jurisdiction.  The cases plaintiff cites are distinguishable because they deal with a call or text message to a forum-state area code.  *See Keim*, 199 F. Supp. 3d at 1369-70 (text messages sent to Florida area code support specific jurisdiction in Florida); *Abramson*, 2016 WL

---

[4] Contrary to these cases, the AAC defendants encourage the Court to adopt the logic that *any* call to a cell phone cannot establish purposeful direction at a forum state because "the caller simply does not know where the recipient is located."  Docket No. 57 at 10.  This proposition would suggest that no court can establish personal jurisdiction for a TCPA violation over a defendant who targets a telemarketing call at a cell phone with a forum-state area code without additional allegations, which seems inconsistent with the purpose of the TCPA.  *See* Telephone Consumer Protection Act of 1991 § 2(12), Pub. L. 102-243 (1991) (finding by Congress that federal regulation of "automated or prerecorded telephone calls . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion").  However, the Court does not need to adopt or reject this argument to resolve the instant motion.

6236370, at *4 (text message sent to Pennsylvania area code supports specific jurisdiction in Pennsylvania); *Tickling Keys, Inc. v. Transamerica Financial Advisors, Inc.*, 305 F. Supp. 3d 1342, 1350 (M.D. Fla. 2018) (finding that defendants "aimed their tortious conduct at Florida"). Thus, the Court concludes that it lacks specific jurisdiction over AAC.

### 2. Other Defendants

Plaintiff's theory of jurisdiction over the other defendants flows from the phone call made to plaintiff in August 2018. *See* Docket No. 68 at 10 (arguing that "each of the AAC defendants [are] subject to the same specific jurisdiction analysis because each is alleged to have been a direct participant in the telemarketing scheme"); Docket No. 73 at 4 (arguing that Matrix is liable for AAC's telemarketing activity). Because the Court has determined that it cannot exercise personal jurisdiction over AAC, it follows that the Court cannot exercise personal jurisdiction over any of the other defendants, and dismissal of all defendants is warranted.[5]

### B. Motion for Jurisdictional Discovery

Plaintiff moves for limited jurisdictional discovery in support of his complaint. Docket No. 82.[6] As relevant here, plaintiff seeks to discover information regarding

---

[5] Because the Court does not have personal jurisdiction over Matrix, the Court does not reach Matrix's argument that the complaint fails to state a claim for relief.

[6] The AAC defendants contend that the motion for jurisdictional discovery is an "unauthorized and untimely surreply" that entitles them to their attorney's fees under 28 U.S.C. § 1927. Docket No. 83 at 4. The Court disagrees. First, as plaintiff points out, Tenth Circuit precedent and this Court's Local Rules arguably require plaintiff to request jurisdictional discovery through a separate motion. *See* Docket No. 85 at 2 (arguing that a request for jurisdictional discovery "must be made through a separately

telemarketing calls and warranties sold by AAC in Colorado.  *Id*. at 8.  Plaintiff alleges

that these facts will enable him to establish AAC's minimum contacts with Colorado.  *Id*.

at 4.

"When a defendant moves to dismiss for lack of jurisdiction, either party should

be allowed discovery on the factual issues raised by that motion."  *Sizova v. Nat'l Inst.*

*of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation omitted).  "In

determining whether to allow jurisdiction discovery[,] however, the trial court 'is vested

with broad discretion.'"  *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227

(D. Colo. 2009) (quotation omitted).  An abuse of discretion occurs upon the denial of

jurisdictional discovery "if the denial results in prejudice to a litigant."  *Sizova*, 282 F.3d

at 1326.  "Prejudice is present where pertinent facts bearing on the question of

jurisdiction are controverted . . . or where a more satisfactory showing of the facts is

necessary."  *Id.* (quotation and citation omitted).  A district court will not abuse its

discretion in denying a request for jurisdictional discovery where there is a "very low

probability that the lack of discovery affected the outcome of th[e] case."  *Magpul*

*Indus., Corp. v. Blue Force Gear, Inc.*, No. 14-cv-01470-RBJ, 2014 WL 6845851, at *2

---

filed and supported motion (citing *World Wide Ass'n of Specialty Programs v. Houlahan*, 138 F. App'x 50, 52 (10th Cir. 2005) (unpublished)));  *see also* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.").  Second, even if the Court were to construe plaintiff's motion as a surreply, it is within the Court's discretion to allow the surreply to be filed.  *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191-92 (10th Cir. 2006) (holding that granting leave to file a surreply is part of the "supervision of litigation" and thus falls within the discretion of the district court).  Finally, even assuming that the Court struck the motion as an improper surreply, the AAC defendants have failed to show that the surreply unreasonably and vexatiously multiplied the proceedings, as § 1927 requires.

(D. Colo. Dec. 4, 2014) (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)).

Here, jurisdictional discovery is inappropriate.  The Court has already found that the complaint's allegations regarding AAC's activities in Colorado are adequate. However, the Court concluded that the phone call giving rise to plaintiff's claim does not establish a sufficient "nexus" between AAC's activities in Colorado and plaintiff's claim because the phone call was placed to a cell phone with a Vermont area code. Plaintiff does not identify any facts that could be discovered that would change this conclusion.  *See* Docket No. 82 at 8 (seeking discovery about AAC's activities in Colorado).[7]  Thus, plaintiff has failed to show that he would suffer any prejudice from the Court denying jurisdictional discovery.  *See Sizova*, 282 F.3d at 1326.  Accordingly, the Court will deny plaintiff's request for jurisdictional discovery.

### C.   Attorney's Fees

The AAC defendants and Matrix request an award of attorney's fees pursuant to Colo. Rev. Stat. § 13-17-201.  Docket No. 57 at 14-15; Docket No. 71 at 9-10.  This Colorado statute provides, in relevant part:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

---

[7] Plaintiff has never alleged or argued that AAC is subject to general jurisdiction in Colorado.

Colo. Rev. Stat. § 13-17-201. Federal courts apply this statute when "dismiss[ing] a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6)." *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000). Here, however, plaintiff's TCPA claim arises under federal law and is not a pendent state tort claim. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387 (2012) (holding that federal courts have federal question jurisdiction over TCPA claims and that federal law "specifies the substantive rules of decision" for a TCPA claim). Thus, the Court perceives no reason why § 13-17-201 applies here. *See Bethel v. U.S. ex rel. Veterans Admin. Med. Ctr. of Denver, Colo.*, No. 05-cv-01336-PSF-BNB, 2006 WL 3262853, at *1 (D. Colo. Nov. 9, 2006) (rejecting application of § 13-17-201 to a suit brought pursuant to the Federal Tort Claims Act).

The AAC defendants cite, in their reply brief, *US Fax Law Center, Inc. v. Henry Schein, Inc.*, 205 P.3d 512 (Colo. App. 2009), to support an award of attorney's fees. Docket No. 72 at 9. However, that case expressly states that the TCPA's language authorizing a claim brought in state court suggests that "laws and rules of the state [court] will govern when such an action is brought in the state court." *US Fax Law Canter*, 205 P.3d at 517. The Court is not persuaded that where, as here, the Court's jurisdiction is not founded on diversity, *see* Docket No. 45 at 4, ¶ 11, the Court is required – or even able – to apply a state court's attorney-fee statute. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (noting the distinction between the application of fee statutes by federal courts exercising federal question jurisdiction and the "very different situation" when a federal court sits in

diversity).[8]  Accordingly, the Court will deny the AAC defendants' and Matrix's motions

to the extent that they seek an award of attorney's fees pursuant to Colo. Rev. Stat.

§ 13-17-201.


IV.    **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that the AAC Defendants' Rule 12(b)(2) Motion to Dismiss [Docket

No. 57] is **GRANTED IN PART** and **DENIED IN PART**.  It is further

**ORDERED** that Defendant Matrix Warranty Solutions, Inc.'s Motion to Dismiss

Under 12(b)(6) for Failure to State A Claim & 12(b)(2) for Lack of Personal Jurisdiction

[Docket No. 71] is **GRANTED IN PART** and **DENIED IN PART**.  It is further

**ORDERED** that plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** for lack

of personal jurisdiction.  It is further

**ORDERED** that plaintiff's Motion for Jurisdictional Discovery [Docket No. 82] is

**DENIED**.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have

their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.

_____

[8] The AAC defendants suggest that the Court "likely has diversity jurisdiction
. . . anyway."  Docket No. 72 at 10.  As the AAC defendants do not explain why the
Court would construe its jurisdiction as founded on diversity when the complaint alleges
federal question jurisdiction, *see* Docket No. 45 at 11, and the AAC defendants do not
deny that the Court has federal question jurisdiction over TCPA claims, the Court
rejects the argument.

DATED March 23, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge